## CIRCUIT COURT OF RAPPAHANNOCK COUNTY

Heidi Washington
and David Washington

     v.

Equine Reproductive
Concepts, L.L.C., et al.

Case No. (Law) 01-16

Christina Myers

     v.

Equine Reproductive
Concepts, L.L.C., et al.

Case No. (Law) No. 01-17

December 19, 2002

BY JUDGE JAMES H. CHAMBLIN

These two causes came before the Court on December 6, 2002, for argument on the Demurrers of the veterinarian defendants to the Second Amended Motion for Judgment filed in each case. The ground for each demurrer is that the plaintiffs, as clients of the defendant, Equine Reproductive Concepts, L.L.C. (ERC), are not third-party beneficiaries of the consulting agreements between ERC and each defendant veterinarian.

The demurrers are overruled.

In order to proceed on a third-party beneficiary contract theory, the party claiming the benefit must show that the parties to a contract "clearly and

definitely intended" to confer a benefit upon him. *Caudill v. County of Dinwiddie*, 259 Va. 785, 793 (2000).

The essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third-party but one of the parties to the agreement fails to uphold his portion of the bargain. *Copenhaver v. Rogers*, 238 Va. 361, 367 (1989).

Va. Code § 55-22, which allows third-party beneficiary claims under certain circumstances, is a highly remedial statute. Under its provisions, the promise between the parties to the contract must "be made for the benefit" of the third party.

The requirement that the third-party must show that the contract was "made for the benefit" of him under Va. Code § 55-22 is the same legal requirement that he must show that the parties to the contract "clearly and definitely intended it to confer a benefit upon him." *Allen v. Lindstrom*, 237 Va. 489, 500 (1989).

The determination of whether the parties to a contract intended to benefit a third party is not always a matter of law. It can be an issue for the trier of fact. *See, e.g., Ward v. Ernest & Young*, 246 Va. 317, 333 (1993).

The Second Amended Motion for Judgment in each case alleges the existence of consulting agreements between ERC and each veterinarian defendant. Copies of the consulting agreements are attached and incorporated into each Second Amended Motion for Judgment. They further allege that the plaintiffs "were the intended third party beneficiaries" of the consulting agreements.

The consulting agreements recite that ERC is in the business of providing equine reproductive and related services, that each veterinarian defendant is authorized to practice veterinary medicine in Virginia, that ERC is not allowed by its articles of organization or by law to practice veterinary medicine in Virginia or to employ a licensed veterinarian, that the veterinarian defendant shall provide veterinary services "in a good and professional manner according to the highest professional standards," and that the veterinary defendant shall provide all required care to horses of ERC or its clients. The veterinary services to be provided by ERC to its client's horses are to be done by the veterinary defendants.

The plaintiffs allege that, as clients of ERC, their horses were injured by the veterinarian defendants while performing veterinary services for ERC pursuant to the consulting agreements. They allege that the veterinarian defendants failed to perform their contractual obligations to ERC, and that such breach resulted in injury to their horses.

The amended motions for judgment allege facts sufficient to raise a question for the trier of fact as to whether ERC and the veterinarian defendants intended to benefit the plaintiffs under the consulting agreements. Therefore, the demurrers are overruled.

Let Ms. Bowers prepare an order in each case overruling the demurrer and granting each veterinarian defendant until on or before January 10, 2003, to file an answer and grounds of defense if not already filed. Counsel for the veterinarian defendants may note any exceptions thereto.